UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| LINDA ESTRADA | § | |
| --- | --- | --- |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-139 |
| | § | |
| UNITED STATES OF AMERICA | § | |

# ORDER

This is a Federal Tort Claims Act (FTCA) action regarding a vehicle collision that occurred on May 21, 2012. Plaintiff Linda Estrada (Estrada) sued Defendant United States of America (the Government) for personal injuries and damages sustained when Border Patrol Agent Matthew Brem (Agent Brem), who was driving his vehicle in pursuit of a suspect vehicle, collided with Estrada's car in an intersection. Before the Court is the Government's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment (D.E. 15) seeking dismissal of Estrada's claims pursuant to the privileges established by Texas Transportation Code §§ 546.001-.005.

On March 18, 2014, the Court converted the motion to one for summary judgment under Fed. R. Civ. P. 56 and permitted discovery and additional briefing. D.E. 29. Having considered the motion, responses, affidavits, and evidence (D.E. 15, 17, 23, 30, 35, 40, 42, 53, 55), and for the reasons set out below, the Court GRANTS Defendant's Motion for Summary Judgment, and dismisses Estrada's claims.

## I. JURISDICTION

The Court has jurisdiction in this case pursuant to 28 U.S.C. § 1345, as the United States is a party in the suit, and 28 U.S.C. §1346(b) (1) which states:

> [T]he district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Shortly before midnight on May 20, 2012, Agent Brem and Border Patrol Agent Enrique Cisneros (Agent Cisneros) were traveling southbound on US Highway 77 (US 77) in Robstown, Texas. The agents were patrolling to detect and deter violations of the immigration laws when they observed a vehicle traveling the wrong way—northbound—on the southbound side of US 77. Because the vehicle was traveling at highway speeds, the agents were forced to veer to the right shoulder of the southbound lanes to avoid a head-on collision.

Concerned for the safety of other vehicles traveling on the highway, Agent Brem made a U-turn, flipped the switch to activate his emergency equipment,[1] and began to

---

[1] According to Customs and Border Patrol (CBP) Directive No. 4510-25, emergency equipment is defined as "emergency lights and audible siren." *See* § 4.5 (CBP Emergency Vehicle is defined as "[a]ny CBP vehicle equipped with emergency warning equipment (including emergency lights and an audible siren) in accordance with CBP policy"); and § 4.22 (Vehicle Pursuit is defined as "[a]n attempt by a CBPO or BPA in an authorized emergency vehicle, to stop a suspect vehicle by activating emergency equipment (lights and siren)…").

pursue the suspect vehicle by driving north in the southbound lanes (the wrong way). While it is uncontroverted that Agent Brem activated his vehicle's emergency lights, there is some dispute as to whether he also activated his siren. Using the service radio, Agent Cisneros simultaneously contacted radio dispatch and requested assistance from the local authorities. The agents did not get supervisor approval to pursue the suspect vehicle. In the course of the event, the agents observed the suspect vehicle run seven to ten vehicles off of the highway.

After a short time, Agent Brem began to look for a safe place to cross over the highway to continue the pursuit with the flow of traffic in the northbound lanes (driving the correct way) on US 77, and he ultimately decided to use the County Road 36 (CR 36) crossover because the grassy median was wet and there were obstructions in it. Agent Brem stated that he slowed down to turn right onto CR 36 and did not see any cross-traffic. At the same time, Estrada was approaching US 77 eastbound on CR 36. As Agent Brem entered the intersection, the two vehicles collided. Agent Brem testified that he had not seen Estrada approaching the intersection, and tried to turn sharply in an attempt to avoid the collision.

On May 21, 2013, Estrada sued the Government pursuant to the FTCA, 28 U.S.C. §§ 1346(b) and 2675(a), which waives the United States' sovereign immunity for certain tort claims brought against federal employees under the doctrine of *respondeat superior*. (D.E. 1). The Government, relying on the privileges established by Texas Transportation

Code §§ 546.001-005, argues that Agent Brem did not act in reckless disregard for the safety of others and, accordingly, the Government is entitled to summary judgment.[2]

## III. DISCUSSION

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); and *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988).

Once a proper motion has been made, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue for trial. To do so, the nonmovant may not rest upon mere allegations or denials in the pleadings, but must "set forth specific facts". *See Celotex Corp.*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257; and *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). Similarly, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's

---
[2] *City of Amarillo v. Martin,* 971 S.W.2d 426 (Tex. 1998) (holding [government] can assert and prove its emergency vehicle operator's immunity as defense to liability).

burden." *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)); *see Little*, 37 F.3d at 1075.

The controverted evidence must be viewed in the light most favorable to the nonmovant, and all reasonable doubts must be resolved against the moving party. *See Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 n.5 (1990); *Anderson,* 477 U.S. at 255; and *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992). Nevertheless, summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 322. "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23.

**B. Plaintiff Has Stated a Claim Under Federal Tort Claims Act (FTCA)**

The FTCA is a waiver of sovereign immunity that permits plaintiffs to sue the United States for claims sounding in state tort law for money damages. The FTCA provides district courts with jurisdiction over claims against the Government for the negligent or wrongful acts of its employees "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (1). Thus, because this accident occurred in Texas, Texas law governs the United States' liability in this case. *See Villafranca v. United States,* 587 F.3d 257, 260 (5th Cir. 2009).

Estrada has alleged a state law claim in this case. Asserting various traffic violations, along with alleging the failure to activate the siren and obtain supervisor approval, Estrada claims that Agent Brem caused the collision and her damages. Nothing in the pending summary judgment motion challenges Estrada's affirmative tort claim and its facial viability under the FTCA. The question is whether a statutory exception, analyzed as an affirmative defense, applies to bar liability. *See generally*, *Builders Corp. of America v United States*, 259 F2d 766, 771 (9th Cir. 1958) (treating statutory exceptions as affirmative defenses).

### C. Immunities Do Not Present a Defense, but Privileges Do

Although the FTCA provides that all claims are to be governed by the laws of the state in which the wrongful act occurred, this does not include state doctrines of sovereign or official immunity. The Supreme Court has held that the FTCA requires a court to look to the state law liability of private entities, not public entities, when assessing liability under the FTCA. *United States v. Olson,* 546 U.S. 43, 46 (2005). Thus, regarding Agent Brem, "the Texas doctrine of official immunity for law enforcement officers will not shield the United States from liability . . . ." *Garza v. United States*, 881 F. Supp. 1103, 1106 (S.D. Tex. 1995).

The next question, whether state law privileges (as opposed to immunities) apply, has not been addressed by the Supreme Court. However, the Fifth Circuit has held that the Government is entitled to invoke privileges available under state law for law enforcement officers as a defense under the FTCA. *See Villafranca,* 587 F.3d at 263-64.

As other courts have noted, the distinction turns on the qualitative difference between a privilege and an immunity:

> Unlike an immunity, which affects liability but "does not diminish the tort," a privilege protects the actor from a finding of tortious conduct . . . .
>
> Put another way, an immunity insulates an individual from liability for public policy reasons, even when that individual has engaged in conduct that would otherwise be actionable. By contrast, a privilege recognizes that, because of the nature of their duties, some public officers may perform certain acts that might otherwise be tortious if committed by someone not having those duties.

*Garza*, 881 F. Supp. at 1106 (internal citations omitted).

Texas courts have held that an emergency vehicle operator responding to emergency conditions is entitled to various privileges, including the Transportation Code privileges that the Government claims here. *Carcamo-Lopez v. Does 1 through 20*, 865 F. Supp. 2d 736, 759 (W.D. Tex. 2011) (quoting *City of Amarillo v. Martin*, 971 S.W.2d 426, 428 (Tex. 1998) (citing TEX. TRANSP. CODE §§ 546.001-005)). If Agent Brem qualifies for the emergency vehicle operator privileges, he is entitled to summary judgment dismissing this action.

### D. Emergency Vehicle Operator Privileges Shield the Government in this Case

Balancing the safety of the public against the need for prompt responses to police, fire, and medical emergencies, the Texas legislature has long recognized that certain privileges should be afforded to those who are called to respond to emergencies. For an emergency vehicle operator, these privileges include the authority to operate the vehicles

in certain otherwise-illegal ways, such as exceeding the maximum speed limit, driving through stop signals, and traveling the wrong way against the direction of traffic. TEX. TRANSP. CODE § 546.001.

### 1. Agent Brem Qualifies for the Privilege

Before the Court applies the Transportation Code privileges, the Government must demonstrate that Agent Brem was an "authorized emergency vehicle operator" as required by the statute. It is undisputed that Agent Brem, a United States Border Patrol Agent, was driving a pickup truck that was equipped with emergency signal equipment. He was on patrol looking for immigration law violations when he observed a vehicle that was in violation of traffic laws and endangering motorists on US 77. Agent Brem was an "operator" as the driver of the vehicle. TEX. TRANSP. CODE § 541.001(1). As "a vehicle used for law enforcement purposes that is owned or leased by a federal governmental entity," Agent Brem's vehicle was an "authorized emergency vehicle." *Id.*, § 541.201(1).

Estrada argues that Agent Brem does not qualify for the Transportation Code privileges because he has limited jurisdiction and is not a general law enforcement officer. D.E. 17, p. 20. However, that theory has been foreclosed in this circuit by *United States v. Perkins*, 352 F.3d 198, 200 (5th Cir. 2003) (citing *United States v. Cortez*, 449 U.S. 411, 421-22 (1981)), which held that border patrol agents could act on suspicion of any criminal activity, not just violation of immigration laws. *See also*, *Davila v. United States*, 713 F.3d 248, 262 (5th Cir. 2013). Clearly, Agent Brem was acting in the course and scope of his employment and had a reasonable suspicion of

unlawful activity on the part of the driver who was traveling the wrong direction on US 77.

### 2. Duty of Care and Reckless Disregard

Section 546.005 of the Texas Transportation Code states that the emergency vehicle operator privileges "[do] not relieve the operator of an authorized emergency vehicle from: (1) the duty to operate the vehicle with appropriate regard for the safety of all persons; or (2) the consequences of reckless disregard for the safety of others." The Texas Supreme Court has held that this section "imposes a *duty* to drive with due regard for others by avoiding negligent behavior, but it only imposes *liability* for reckless conduct." *Martin*, 971 S.W.2d at 431 (emphasis in original) (interpreting the uncodified predecessor of section 546.005). *See also*, *Carcamo-Lopez v. Does 1 through 20*, 865 F. Supp. 2d at 760. The Supreme Court of Texas further reasoned that "having liability predicated on reckless conduct better serves the public interest in minimizing emergency response delays."

> The possibility of incurring civil liability for what amounts to a mere failure of judgment could deter emergency personnel from acting decisively and taking calculated risks in order to save life or property or to apprehend miscreants. The "reckless disregard" test, which requires a showing of more than a momentary judgment lapse, is better suited to the legislative goal of encouraging emergency personnel to act swiftly and resolutely while at the same time protecting the public's safety to the extent practicable.

*Martin,* at 430 (quoting *Saarinen v. Kerr*, 620 N.Y.S.2d 297, 644 N.E.2d 988, 992 (1994)).

To recover damages under this reckless disregard test, a plaintiff must "show that the operator has committed an act that the operator knew or should have known posed a high degree of risk of serious injury" which "require[s] proof that a party knew the relevant facts but did not care about the result." *See City of Laredo v. Varela*, 04-10-00619-CV, 2011 WL 1852439 at *2 (Tex. App.— San Antonio May 11, 2011) (quoting *Martin*, 971 S.W.2d at 430 and *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n. 19 (Tex. 2006)).

Estrada contends that she has raised a fact issue on "reckless disregard" because there is some evidence that Agent Brem: had been speeding on US 77; traveled against the correct direction of traffic; drove through the intersection at CR 36 without ensuring that traffic was clear; did not activate his vehicle's siren, air horn, or lights; and did not obtain supervisor authorization for his pursuit of the suspect vehicle. The complaint regarding Agent Brem failing to activate his lights is definitively contradicted by Estrada's admission that the lights were on. D.E. 23, pp. 11-12 (Request for Admission #14). There is no question that each of the remaining issues could support a negligence finding. However, taking that evidence to the level of "reckless disregard" requires more. To that end, Estrada argues that there is evidence that Agent Brem: (1) admitted to increasing the danger on the roadway; (2) failed to consider safer actions; (3) acted outside his authority; and (4) failed to follow Border Patrol directives, including failure to activate both lights and sirens and acting without supervisor consent.

**Increased danger**. Estrada relies on Agent Brem's testimony that two vehicles proceeding in the wrong direction on US 77 were more dangerous than one such vehicle.[3] This candid response to a very simple question cannot demonstrate reckless disregard. If it did, then any situation for which the Transportation Code's privilege was created would be an exception to that same privilege. The privilege allows emergency vehicles to be operated at an excessive speed, in the wrong direction of traffic, and without coming to a full stop at intersections. Each of these scenarios anticipates increased danger and the reason for the privilege is to balance that danger against other law enforcement needs and emergent conditions.

**Safer Alternatives**. Agent Brem testified that he could not remember whether, at the time, he actually considered alternatives for making his U-turn at a different location, such as crossing over the grassy median. Estrada also points to Agent Brem's testimony that sounding his air horn as he entered the intersection could possibly have created a safer environment for his turn onto CR 36. Neither issue demonstrates that Agent Brem actually chose to take a riskier alternative without regard for the safety of others. Thus the evidence is insufficient to support a finding of reckless disregard.

**Outside Authority**. Estrada repeats the contention that, as a Border Patrol Agent, Brem did not have authority to pursue a vehicle unless he could demonstrate that he was handling an immigration violation. At the outset, Agent Brem hypothesized that the driver of the suspect vehicle was either intoxicated or elderly and confused, matters not within immigration jurisdiction. As demonstrated above, Agent Brem's authority was

---

[3] *See* Plaintiff's Supplemental Reply Brief to Defendant's Motion for Summary Judgment (D.E. 30, pp. 4-5).

not limited to immigration violations. *Perkins,* 352 F.3d at 200. Therefore, Estrada's contention is incorrect as a matter of law.

**Border Patrol Directives**. Customs and Border Patrol Directive No. 4510-25 (Border Patrol Directive) states that agents are to operate vehicles under emergency situations consistent with federal, state, and local law regarding emergency vehicles. D.E. 23, pp. 14-30 (item 6.1.2). The Texas Transportation Code provides for the use of audible or visual signals in an emergency, consistent with the operator's employer's policy. TEX. TRANSP. CODE § 546.003. The Border Patrol Directive further states, "The use of emergency lights and siren is mandatory when in pursuit or taking exemptions to traffic signals, stop signs or prescribed direction of travel." *Id*. (item 6.1.3). It also requires establishing supervisor control over pursuits "as soon as reasonably possible." *E.g., id*. (item 2.1.3).

Reckless disregard is not established by any of the alleged violations of the Border Patrol Directive because the directive does not address Agent Brem's assessment of the risk or his decision to act without regard for a likely injurious outcome. *See City of Arlington v. Barnes,* No. 2-07-249-CV, 2008 WL 820385, *4 (Tex. App.—Fort Worth Mar. 27, 2008, pet. denied) (mem. op.) (holding violation of city policies and Transportation Code, and fact that officer received a written reprimand only showed officer acted negligently, not that he committed an act that he knew or should have known posed a high degree of risk of serious injury, and thus did not raise fact issue on reckless disregard); *Valera*, 2011 WL 1852439, at *12-14 (holding that officer's failure to adhere to department's policy regarding operating vehicles in emergency situations did

not show officer "knew the relevant facts but did not care about the result") (citing *Hartman*, 201 S.W.3d at 672 n.19); and *Tex. Dep't of Pub. Safety v. Sparks,* 347 S.W.3d 834, 838 (Tex. App.— Corpus Christi 2011) (holding that investigating officer's internal report concluding offending officer had violated section 546.001 of the Transportation Code was not enough to show reckless disregard).

In sum, the Court fails to see how any of the conduct cited by Estrada evidences reckless disregard so as to strip Agent Brem of the emergency operator privileges afforded by the Texas Transportation Code.[4] On the contrary, it would appear the use of his emergency lights and vehicle brakes, along with his last-minute attempts to avoid colliding with Estrada, all indicate Agent Brem was aware of the dangers to others as he pursued the suspect vehicle and he did care about the safety of other drivers, including Estrada. *See Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 411–12 (Tex. App.—Fort Worth 2006, pet. denied) (holding that officers' actions were not taken with conscious indifference or reckless disregard for safety of deceased when no evidence showed that officers did not care what happened to deceased).

Accordingly, the Court finds Estrada has failed to submit the necessary evidence to raise a disputed issue of material fact on her claim that Agent Brem acted with reckless disregard so as to prevent him from qualifying for state law enforcement privileges. Those privileges preclude a finding of liability against the Government under the FTCA. This finding is consistent with public policy and other cases in which the courts have

---

[4] *See City of Pasadena v. Kuhn,* 260 S.W.3d 93, 100 (Tex. App. —Houston [1st Dist.] 2008, no pet.) (holding neither the fact that motorist's vehicle sustained damage in collision at intersection with emergency vehicle driven by police officer, nor the fact that motorist was injured in collision raised a fact issue as to whether officer lacked regard for the safety of others).

sustained either a plea to the jurisdiction or a summary judgment where the emergency vehicle operator collided with a vehicle at an intersection. *See, e.g., City of San Angelo Fire Dept. v. Hudson,* 179 S.W.3d 695, 701-02 (Tex. App.—Austin 2005, no pet.) (finding no evidence of reckless disregard for safety of others when officer entered intersection without stopping and witness did not hear brakes being applied); and *Smith v. Janda*, 126 S.W.3d 543, 545-46 (Tex. App.—San Antonio 2003, no pet.) (finding evidence insufficient to establish recklessness when ambulance approached intersection with its emergency equipment activated and ambulance driver slowed down and looked around and then proceeded into intersection without coming to complete stop).

### E. CONCLUSION

Plaintiff's allegations, taken as true, fail to raise a genuine issue of material fact as to whether Agent Brem acted with reckless disregard. Accordingly, for the reasons stated above, the United States of America's Motion for Summary Judgment (D.E. 15) is GRANTED and Plaintiff's claims are DISMISSED.

ORDERED this 7th day of November, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE